# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD L. BRICKER,** | : **CIVIL NO. 1:CV-08-01033** |
| | : |
| **Plaintiff** | : **(Judge Rambo)** |
| | : |
| **v.** | : |
| | : |
| **CATHERINE MCVEY,** *et al.*, | : |
| | : |
| **Defendants** | : |

## M E M O R A N D U M

Plaintiff Ronald L. Bricker ("Bricker"), an inmate currently confined at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI-Houtzdale"), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on May 28, 2008. (Doc. 1.) Named as defendants are members of the Pennsylvania Board of Probation and Parole ("Parole Board"),[1] several Department of Corrections' ("DOC") officials,[2] and several named and unnamed attorneys employed by the Commonwealth of Pennsylvania.[3]

---

[1] The Parole Board members named in the caption of the complaint are as follows: Catherine C. McVey, Michael L. Green, Jeffrey R. Imboden, Matthew A. Mangino, Benjamin A. Martinez, Gerard N. Massaro, Michael M. Webster, and Lloyd A. White, and All John Doe and Jane Doe, Member Pennsylvania Board of Probation and Paroles. (Doc. 1 at 1.)

[2] DOC officials named in the caption of the complaint are as follows: Jeffrey A. Beard, Secretary; John S. Shaffer, Executive Deputy Secretary; Judith Viglione, Director, Bureau of Inmates Services; Michael W. Harlow, SRCF-Mercer Superintendent; Ferd J. Ruffo, Official SRCF; Cynthia L. Daub, Official SRCF; William (Bill) Woods, Unit Manager, SRCF-Mercer; and All John Doe and Jane Doe, Officials SRCF, SCI, Mercer who has denied Plaintiff for Parole. (Doc. 1 at 1-2.)

[3] The legal officer named in the caption of the complaint are as follows: Thomas W. Corbett, Attorney General; All John Doe and Jane Doe, Deputy Attorney's in Pa.; All Attorney's working for any and all, City's County's, or State of Pa.; and All Attorney's working for all Federal Governments of the State of Pennsylvania or for State of Pa. (Doc. 1 at 2.)

Pending before the court is Bricker's motion for preliminary injunction.  (Doc. 3.) For the reasons set forth below, the motion will be denied as moot.

## I.   **Background**

Bricker filed the instant complaint while incarcerated at the State Regional Correctional Facility in Mercer, Pennsylvania ("SRCF-Mercer").  In his complaint, Bricker claims he is "seeking major reform in practices and procedures culminating in the way of which the inmate is treated during the searching of his cell or cubit . . . and in all Parole decisions."  (Doc. 1 at 3.)  Bricker is also challenging "the policies and practices of the way the grievances are handle[d] throughout the prisons."  (*Id*. at 4.)

Bricker has also filed a motion for preliminary injunction.  (Doc. 3.)  In that motion, Bricker seeks an injunction against his unit manager at SRCF-Mercer, William Woods, "to keep Unit Manager Woods from doing retaliation against Plaintiff, such as giving bad reports against plaintiff for parole."  (*Id*.)  Bricker claims that Unit Manager Woods will retaliate against him at SRCF-Mercer unless Bricker admits to a crime he did not commit.  (*Id*.)

On January 30, 2009, the court received notice from Bricker that he was transferred to SCI-Houtzdale.  (*See* Doc. 20.)

## II.   **Discussion**

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id*. at 459 n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).  A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional. *Abdul-Akbar v. Watson*, 4 F.3d 195, 206-207 (3d Cir. 1993); *see also Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) ("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge.").

In the instant case, Bricker seeks an injunction against a prison official at his former place of confinement, SRCF-Mercer, in order to prevent this official from retaliating against Bricker in some way at the prison.  However, Bricker has since been transferred from SRCF-Mercer to SCI-Houtzdale.  There is nothing in the record to suggest that there exists a reasonable probability of his return to SRCF-Mercer in

the foreseeable future, where, seemingly, Bricker could be subject to retaliation by a SRCF-Mercer official.  Consequently, Bricker's claims for injunctive relief are moot and will be denied.  *See Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) ("Fortes' transfer to another institution moots any claims for injunctive or declaratory relief").  However, the court recognizes that a prisoner's transfer or release does not moot his claims for damages.  *See Muslim v. Frame*, 854 F. Supp. 1215, 1222 (E.D. Pa. 1994) (stating "an alleviation of an alleged unconstitutional condition does not moot a prisoner's claim for actual and punitive damages").

An appropriate order will issue.

_s/Sylvia H. Rambo_____
United States District Judge

Dated:  March 2, 2009.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | **CIVIL NO. 1:CV-08-01033** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **CATHERINE MCVEY,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

AND NOW, this 2nd day of March, 2009, upon consideration of Plaintiff's

motion for a preliminary injunction (Doc. 3), **IT IS HEREBY ORDERED THAT**

the motion (Doc. 3) is **DENIED AS MOOT**.

    s/Sylvia H. Rambo     
United States District Judge
